THOMPSON, J.
 

 This is the second time this ease has been brought to this court on appeal from a final judgment dismissing the suit. The first dismissal was on an exception of no course of action. We reversed the ruling and remanded the case. Mahoney v. Perkins, 166 La. 730, 117 So. 810.
 

 An exception, or plea of waiver and estoppel, was then filed in the lower court, which was sustained and suit dismissed; hence this second appeal.
 

 The suit grows out of the following facts:
 

 In March, 1920, the defendant purchased from J. W. McQueen, the father of plaintiif and of defendant’s wife, the Forest Plantation in West Feliciana parish.
 

 The price was $2S,000. Of this amount, $6,500' and the proceeds of a loan from the Federal Land Bank of $10,000 was paid in cash. As a part of the balance of the purchase price, the defendant executed nine notes for $1,000 each payable annually, the last one maturing March 11, 1929.
 

 These notes were delivered to Mrs. Ella D. McQueen, plaintiff’s mother, and thereafter recognized by defendant as her property.
 

 Mrs. McQueen joined in the act of mortgage to the Land Bank and subordinated her vendor’s privilege and mortgage to that of the bank.
 

 J. W. McQueen died January 26, 1922, and some eight days later the nine notes were presented to the recorder of mortgages and the mortgage was canceled.
 

 The widow and the two heirs were by judgment of' court sent into possession of all of the property of McQueen’s estate in the
 
 *1110
 
 proportions as fixed by law with the right of usufruct in favor of the widow. An inventory and appraisement was made of the property, as the widow and heirs were unwilling to accept the succession except under benefit, of inventory.
 

 On June 21, 1925, Mrs. McQueen died leaving all of her property by testamentary disposition to her two daughters, the plaintiff and the wife of the defendant, with the exception of a small legacy in favor of a granddaughter.
 

 The will was duly probated, and the two daughters were sent into possession, by judgment of court, of all of the property belonging to the estate. They accepted the succession unconditionally and without the benefit of inventory. A descriptive list with estimated value, however, was annexed to the petition accepting the succession. The inventory under which the widow and heirs accepted the succession of Mr. McQueen did not contain the nine notes or the debt due by the defendant, nor were the said notes placed on the list of property of Mrs. McQueen annexed to plaintiff’s petition in the probate of the will.
 

 On December 4, 1925, some five months after the death of Mrs. McQueen, the defendant paid his debt due the Federal Land Bank and caused the mortgage to be canceled. At that time there were 30 of the installments unmatured.
 

 The present suit was then filed, and its object is to recover one half of the indebtedness represented by the nine notes, the other half belonging to the wife of the defendant.
 

 The plea of estoppel and waiver is based on the fact that the debt sued for was not placed on the inventory of either the succession of plaintiff’s father or mother, and on the further fact that the plaintiff never made any demand on defendant to pay the debt and did not inform him that she expected him to pay the debt.
 

 It is alleged that, had the plaintiff asserted her right to collect her share of said notes prior to the cancellation upon payment of said Federal Land Bank mortgage note, defendant would not have paid said Land Bank, but would have availed himself of the time period granted for its payment.
 

 That by plaintiff’s failure to list said notes as forming a part of the estate she inherited and by her silence when she should have spoken has caused defendant to pay a debt which was not due, to his serious detriment should she now be suffered to assert a right to which she had heretofore been silent.
 

 It is to be observed that the defendant does not contend that the debt due the plaintiff has ever been.paid. As a matter- of fact, his position under the plea of no cause of action and of estoppel virtually admits that he has not paid the debt.
 

 On the face of the pleadings it appears that Mrs. McQueen and her husband agreed to subordinate the vendor’s privilege securing the debt sued for to the mortgage of the Federal Land Bank -purely as an accommodation to the defendant to enable him to obtain the loan of $10,000.
 

 It also appears that as an accommodation to the defendant, Mrs. McQueen agreed to have her mortgage canceled in order that the defendant might not be hampered but facilitated in exploiting the said land for oil and other minerals.
 

 The debt, however, was not to be considered paid or remitted, but that the. entire debt should become due when oil should be found in paying quantities.
 

 Oil was not discovered, the operations proved a failure, and had been abandoned long prior to this suit.
 

 
 *1112
 
 In the will of Mrs. McQueen which was dated June 2, 1924, it was declared that the defendant had promised to pay the notes due on Forest Plantation, being the notes representing the debt herein sued for.
 

 For the purpose of this discussion, it may therefore be assumed that the debt has never been paid, and that defendant still owes it, unless the plaintiff by failing to claim the debt and having it inventoried as an asset of her mother’s succession has precluded herself from now Insisting on payment.
 

 Our conclusion' is that the circumstances disclosed by the record cannot be made the basis in law for the application of the doctrine of estoppel.
 

 It would introduce a new and novel principle in jurisprudence to hold that the mere failure to place an asset on the inventory of a succession would forever preclude the heirs or legatees from thereafter asserting a right to such omitted asset.
 

 Nor is there any foundation in law or in equity for holding that the silence of the plaintiff, or her failure to notify the defendant that she expected him to pay the debt, precludes her from demanding payment of said debt.
 

 It will be noted that only a few months intervened between the death of Mrs. McQueen and the time the defendant paid his debt to the Land Bank.
 

 There was no occasion for the plaintiff during this short space of time after the death of her mother to have called on defendant for the payment of her part of the debt. The defendant had been living with plaintiff’s mother as a member of the family. His wife owned one-half of the debt sued for.
 

 It was therefore the most natural thing for the plaintiff to do to remain silent for a while and to await some action on the part of the defendant looking toward the adjustment of the debt. But he said nothing to the plaintiff concerning his debt to her. Instead, he rushes off and pays a debt on the land which was not due, but which was only to be paid in 30 annual installments.
 

 It is argued that plaintiff had full knowledge of the circumstances under which the notes were executed, and that the mortgage securing them had formed a second mortgage, and that the Federal Land Bank Mortgage was payable over a period of 30 years, and knowing all of these facts she should not have remained silent and permitted the defendant to raise the Land Bank mortgage before it matured.
 

 Assuming all of this to be true, we do not see wherein the defendant could have been in any way deceived or induced to pay a debt not yet due.
 

 The plaintiff was not a party to either of the acts of mortgage, nor is there anything to show that she knew the mortgage securing the notes had been canceled, prior to the filing of this suit.
 

 On the other hand, the defendant was a party to all of the transactions, and he had personal knowledge of everything that had been done in connection with the execution of the notes, the postponement of their payment, and finally the cancellation of. the mortgage securing them.
 

 In fine, he knew more about the whole transaction than the plaintiff.
 

 We fail to see, therefore, wherein the defendant could from any standpoint have been justified in believing that the plaintiff would not claim that which was justly due her and which defendant knew he owed her.
 

 We are not very much impressed with the suggestion mat defendant would not have paid his debt to the Land Bank if he had known that plaintiff would exact debt due her, but would have held it over the plaintiff
 
 *1114
 
 in order to keep her from enforcing payment of her debt.
 

 As the defendant had the money to discharge his debt, it was to his interest to do so, as he thereby saved the interest which he otherwise would have had to pay on the long time loan.
 

 We are rather constrained to believe that the act of the defendant was the result of his conclusion that he could sustain as against the plaintiff a plea that plaintiff’s mother had remitted the debt and by paying the Land Bank mortgage he would save the interest and have his property unincumbered.
 

 The defendant has suffered no injury as the result of any act of the plaintiff. He was fortunate in having the money to pay back the loan to the bank, and he is to be commended for making the payment before maturity ; but this payment in anticipation should not be given the effect of penalizing the plaintiff in the loss of her debt against the defendant.
 

 The defendant’s attitude is not to avoid a loss himself, but to enrich himself at the expense and loss of the plaintiff.
 

 The case relied on by the acting judge of the lower court, Succession of Kranz, 162 La. 546, 110 So. 750, is not analogous and has no application whatever to the facts of the instant case.
 

 In that case the sister and brother of the deceased joined in a petition sworn to by them in which they alleged that the deceased sister died intestate. They prayed that they be recognized as the sole heirs and sent into possession of the estate in equal proportions.
 

 They were sent into possession, and thereafter the brother gave his sister the revenues of his half of the property as long as she remained single, and he gave her permission to occupy the home without any rent for his half. In a short while the sister requested her brother to make a donation to her of his half of the property, but the brother declined to do so. Thereafter the sister presented for probate a will of her deceased sister giving her' all of the property she possessed at the time of her death and asked that the judgment sending her brother and herself into possession as sole heirs be annulled and set aside.
 

 It was shown that the will was made seven years before the death of the testatrix, and the beneficiary under the will knew of its existence at the time she joined her brother in the application to be recognized as the sole heirs and to be sent into possession.
 

 In those circumstances the court held that the plaintiff was estopped to set aside a judgment and distribution which she had herself provoked, and we apprehend that no one will question the correctness of that decision.
 

 A mere reading of the case will show its utter want of application to the facts of this case, wherein no deception whatever has been practiced or attempted to be practiced on the defendant. No advantage has been taken of him, and he has not been induced by the conduct and silence of the plaintiff to perform any act whatever to his prejudice.
 

 The judgment appealed from is set aside, the plea of estoppel and waiver is overruled, and the cause is remanded for further proceedings according to law. The defendant is to pay the cost of this appeal.
 

 O’NIELL, O. J., concurs in the result.